UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOUGLAS FRITH,

                      Plaintiff,                          **MEMORANDUM AND**
                                                                           **OPINION**
      - against -                                       09-CV-3378 (RRM)(CLP)

NIPPON CARGO AIRLINES, CO., LTD.,
PERSONNEL AVIATION RECRUITMENT
CONSULTANTS LIMITED, and
PARC AVIATION LIMITED,

                      Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       By motion filed April 20, 2010, all defendants moved to dismiss or transfer this action based on *forum non conveniens*, and defendant Nippon Cargo Airlines ("NCA") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 20.) By Order entered June 7, 2010, this Court referred those motions to the assigned Magistrate Judge, the Honorable Cheryl L. Pollak, for a Report and Recommendation (the "R&R"). On July 25, 2011, Judge Pollak issued an R&R (Doc. No. 37) recommending that defendants' *forum non conveniens* motion be denied, and that defendant NCA's motion to dismiss be granted in part and denied in part. Judge Pollak reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due 14 days from receipt of the R&R, which Judge Pollak instructed the Clerk of Court to mail to all parties. Defendants filed objections to the R&R on August 11, 2011. (Doc. No. 38.) Plaintiff Douglas Frith filed a reply to defendants' objections on August 25, 2011. (Doc. No. 39.)

       When reviewing a magistrate's Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C.A. § 636(b)(1)(C).  The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.  *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error.  *See, e.g., Frankel v. City of New York*, No. 06-CV-5450, 2009 U.S. Dist. LEXIS 14864, at *4-6 (S.D.N.Y. Feb. 25, 2009); *Pearson-Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 U.S. Dist. LEXIS 89, at *4 (S.D.N.Y. Jan. 6, 2003); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).  Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vega v. Artuz*, No. 97-CV-3775, 2002 U.S. Dist. LEXIS 18270, at *3 (S.D.N.Y. Sept. 30, 2002).  Objections to a report must be specific and clearly aimed at particular findings in the magistrate's proposal.  *Camardo*, 806 F. Supp. at 381-82.  Put another way, a party is not to be afforded a "second bite at the apple" when filing objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (citation omitted).  When a party simply reiterates the original arguments made to the magistrate judge, the Court will review the report strictly for clear error.  *Carroll v. David*, No. 04-CV-0307, 2009 U.S. Dist. LEXIS 19356, at *3 n.1 (N.D.N.Y Mar. 11, 2009); *see also Camardo*, 806 F. Supp. at 382.

   Here, for the most part, defendants have filed objections that generally mirror the arguments they submitted in support of their motion.  Defendants are not entitled to a second bite at the apple.  Only two of defendants' objections warrant brief mention.  First, defendants

correctly note that plaintiff Frith is, in fact, a citizen of Australia. Defs.' Objections (Doc. No. 38) at 5. As such, because plaintiff's choice of forum is not his home forum, the defendants need only show that they are amenable to service of process in an alternative forum and that the forum permits litigation of the subject matter of the dispute to show an adequate alternative forum. *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003). However, this Court finds that even with this analysis, the balance of factors to determine the appropriate forum does not change.

Indeed, the Court has reviewed *de novo* the entire R&R as to these defendants, and finds no basis to reject or modify it. This Court need not reiterate the full extent of the magistrate judge's clear and thorough articulation of the facts or the legal basis for her recommendations to deny dismissal on *forum non conveniens* grounds, and to grant in part and deny in part defendants' motion pursuant 12(b)(6). As such, this Court adopts the R&R in its entirety .

## CONCLUSION

Consistent with the Magistrate Judge's Report and Recommendation, defendants' motion to dismiss under Rule 12(b)(6) is GRANTED IN PART AND DENIED IN PART, and dismissal on *forum non conveniens* grounds is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      November 7, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge